■ In the Matter of MARIA MASTROPIETRO, Appellant, v BOARD OF EDUCATION, MECHANICVILLE CITY SCHOOL DISTRICT, et al., Respondents. [724 NYS2d 105] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Williams, J.), entered February 7, 2000 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Education of the Mechanicville City School District denying petitioner's request to participate in a retirement incentive.

In May 1998, the Legislature enacted chapter 47 of the Laws of 1998, which amended chapter 41 of the Laws of 1997 and provided a targeted early retirement incentive (hereinafter ERI) for certain public employees. Petitioner, a tenured music teacher employed by the Mechanicville City School District, subsequently expressed her interest in participating in the ERI program. Eligibility for participation was to be determined by a number of factors including, insofar as is relevant to this appeal, whether the District could demonstrate a 50% cost savings over a two-year period if petitioner were permitted to retire.

By letter dated July 27, 1998, respondent Joseph B. Iraci, as Interim Superintendent for the District, informed petitioner that he had not recommended that her position be targeted for inclusion in the ERI program. The stated basis for Iraci's recommendation was that the District would not be able to realize the 50% cost savings required by the legislation if petitioner's salary was factored into the equation. Respondent Board of Education of the District subsequently adopted Iraci's recommendation, prompting petitioner to commence this CPLR article 78 proceeding to challenge the Board's determination. Respondents answered and Supreme Court ultimately dismissed the petition finding, *inter alia*, that the Board did not act arbitrarily or capriciously in denying petitioner participation in the ERI program. This appeal by petitioner ensued.

The crux of petitioner's argument on appeal is that the Board, Iraci and his predecessor essentially conspired to exclude her from participating in the ERI program. Specifically, petitioner asserts that she was denied participation in the program as a means of further punishing her for certain disciplinary action that had been taken against her pursuant to Education Law § 3020-a and that the Board, therefore, demonstrated bad faith. Additionally, petitioner contends that the Board's calculation of the cost savings with respect to her position was fundamentally flawed due to the failure to include in such calculations the cost of employing a substitute teacher to fill petitioner's position for the 1998-1999 academic year.* We find petitioner's arguments to be unpersuasive and, accordingly, affirm Supreme Court's judgment.

---

* Petitioner apparently was the subject of two disciplinary proceedings that stemmed from her attendance record for certain academic years. At the conclusion of the first disciplinary hearing, petitioner was found guilty of certain of the charges and was suspended, without pay, for a period of one year effective July 1, 1998. As a result of this suspension, it apparently was necessary for the District to hire a substitute teacher to fill petitioner's position for the 1998-1999 academic year. It is petitioner's contention that such

Pursuant to section 9 (a) of chapter 41 of the Laws of 1997, the District was not required to eliminate the positions held by retiring teachers if it could "demonstrate that it [would] achieve a compensation savings such that the total amount of base salary paid for the two-year period subsequent to the effective date of retirement for such eligible employees * * * to those new hires, if any * * * [would] be no more than one-half of the total amount of base salary that would have been paid to such eligible employees from their date of retirement for such two-year period." In other words, if a teacher with an annual salary of $50,000 wished to retire, the District would be required to show that the *total* base salary for such teacher's replacement would not exceed $50,000 over the course of the next two years, i.e., the replacement's salary would not exceed $25,000 per year.

Here, in calculating whether it could meet the 50% cost savings required by the ERI program, the Board did not include the cost of employing a substitute teacher to replace petitioner for the 1998-1999 academic year. Although petitioner asserts that such determination was irrational, we cannot agree. The cost of employing a substitute teacher, which was necessitated as a result of petitioner's demonstrated misconduct and resulting one-year suspension, simply does not constitute "base salary that would have been paid to [petitioner] from [her] date of retirement for such two-year period" (L 1997, ch 41, § 9 [a]). As such, any salary paid to a substitute hired to replace petitioner was properly disregarded by the Board.

Equally unpersuasive is petitioner's assertion that the Board acted in bad faith with respect to her request to participate in the ERI program. As noted previously, the stated basis for the Board's determination not to allow petitioner to participate in the ERI program was its inability to achieve the required cost savings—a determination that is both rational and borne out by the record before us. Moreover, even accepting that certain Board members or District officials expressed some reservations regarding petitioner's participation in the program, the statements attributed to such individuals fall far short of demonstrating bad faith. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

cost should have been added to her salary for purposes of calculating the District's cost of employing her during the relevant time period.